IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERRY KUEHNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 08-1319 |
| vs. ) | District Judge David S. Cercone |
| ) | Magistrate Judge Lisa Pupo Lenihan |
| ) | Doc. Nos. 24 & 32 |
| JEFFREY BEARD, et al., ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.  RECOMMENDATION

It is respectfully recommended that the Motion to Dismiss filed by the Commonwealth Defendants (doc. no. 24) be granted. It is further recommended that the Motion to Dismiss or for More Definite Statement filed by the Medical Defendants (doc. no. 32) be granted to the extent that it seeks a more definite statement of Plaintiff's claims.

### II.  REPORT

Plaintiff, Terry Kuehner, an inmate presently incarcerated at the State Correctional Institution at Fayette, Pennsylvania, commenced this civil action against the following Defendants: Jeffrey Beard, Secretary of the Pennsylvania Department of Corrections (DOC); Brian Coleman, Superintendent at SCI-Fayette; Robert Tretinik, Correctional Health Care Administrator at SCI-Fayette (collectively referred to as the Commonwealth Defendants); Physician Assistant Christopher Myer; Dr. Michael Herbick and Dr. Peter Saavedra (collectively referred to as the Medical Defendants). Plaintiff claims that Defendants are liable pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983. The Commonwealth Defendants have filed a motion to dismiss (doc. no. 24). The Medical Defendants have file a Motion to Dismiss Plaintiff's Complaint, or in the alternative, Motion for More Definite Statement (doc. no. 32).

### A. Standard of Review

A complaint must be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 556 (2007) (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). The Court, however, need not accept inferences drawn by the plaintiff if they are unsupported by the facts as set forth in the complaint. *See* California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp., 550 U.S. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp., 550 U.S. at 555. Additionally, "a civil rights claim 'must contain specific allegations of fact which indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple and conclusory statements are insufficient to state a claim under § 1983." ' Coronado v. Goord, No. 99 Civ. 1674, 2000 WL 1372834, at *2 (S.D.N.Y. 2000) (quoting Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987)). *See also* Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1951 (U.S. 2009) (holding that, while the Complaint need not contain detailed factual allegations, it must contain more than a "formulaic recitation of the elements" of a constitutional claim and must state a claim that is plausible on its face) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) and providing further guidance on the standard set forth therein).

The United States Court of Appeals for the Third Circuit has recently held that, when determining whether to dismiss a complaint for failing to state a claim upon which relief can be

2

granted, a district court should apply a two-part test in order to determine whether a pleading's recitation of facts is sufficient. Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009). "First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Id*. at 210-11 (citing Iqbal, 129 S.Ct. at 1949). "Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "'plausible claim for relief.'" Fowler, 578 F.3d at 211 (quoting Iqbal, 129 S.Ct. at 1950).

A court must employ less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972). In a section 1983 action, the court must liberally construe a *pro se* litigant's pleadings and 'apply applicable law, irrespective of whether a *pro se* litigant has mentioned it by name.' Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (quoting Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247-48 (3d. Cir. 1999)). "Since this is a § 1983 action, the [*pro se*] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution." Higgins, 293 F.3d at 688 (quoting Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)).

Finally, the United States Court of Appeals for the Third Circuit has held that, in civil rights cases, a court must give a plaintiff the opportunity to amend a deficient complaint - regardless of whether the plaintiff requests to do so - when dismissing a case for failure to state a claim, unless doing so would be inequitable or futile. *See* Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007). This was originally a reaction to the rule requiring heightened factual pleading in civil rights cases. *See id*. (citing Darr v. Wolfe, 767 F.2d 79, 80-81 (3d Cir. 1985) (requiring district court to exercise their discretion to allow *pro se* plaintiffs to amend their claims to avoid dismissal)); *see also* Dist. Council 47 v. Bradley, 795 F.2d 310, 316 (3d Cir. 1986) (extending the *pro se* amendment rule to counseled complaints). This rule remains, and has

3

been periodically affirmed, even after the Supreme Court's 1993 decision in <u>Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit</u>, 507 U.S. 163, 168 (1993), which abrogated the heightened pleading rule in civil rights cases.  *See* <u>Fletcher-Harlee Corp.</u>, 482 F.3d at 252 (citing <u>Alston v. Parker</u>, 363 F.3d 229, 235 (3d Cir. 2004)).

### B. Plaintiff's Allegations

In his Complaint, Plaintiff claims that Defendants violated his rights under the 4th, 5th, 6th, 8th and 14th Amendments of the United States Constitution.  He makes the following allegations in support thereof.

> Jeffrey Beard - endangering my healt [sic] + walfare [sic] and well being.
> Brain Coleman - denied proper medical treatment through his staff.
> Care Administrator - Robert Treinik [sic] - negligence to oversee any treatment.
> Psy [sic] Asst. C. Meyer - totally denied me medical treatment of persistent cronic [sic] back problems.  Refused me medicine for pain in my back due to insufficient funds to pay 5 dollars.
> Upper Management through their new policy [denies] people that don't have money.

Complaint, ¶ IV.C. (doc. no. 1-2, p. 2).  In addition to these allegations, Plaintiff attached copies of various grievances he filed concerning his medical treatment.

### C. Liability under 42 U.S.C. § 1983

Plaintiff's Complaint seeks to assert liability against Defendants pursuant to 42 U.S.C. § 1983.  To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States.  <u>West v. Atkins</u>, 487 U.S. 42 (1988); <u>Parratt v. Taylor</u>, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, <u>Daniels v. Williams</u>, 474 U.S. 327, 330-331 (1986).

1.        Commonwealth Defendants

The Commonwealth Defendants include Jeffrey Beard, Secretary of the DOC, Brian Coleman, Superintendent at SCI-Fayette and Robert Tretinik, CHCA at SCI- Fayette. It is well settled that in order to establish personal liability against a defendant in a section 1983 action, that defendant must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*. Rizzo v. Goode, 423 U.S. 362 (1976). Accordingly, individual liability can be imposed under section 1983 only if the state actor played an "affirmative part" in the alleged misconduct. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988); Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986). Personal involvement by a defendant can be shown by alleging either personal direction or actual knowledge and acquiescence in a subordinate's actions. Rode, 845 F.2d at 1207. *See also* Keenan v. Philadelphia, 983 F.2d 459, 466 (3d Cir. 1992); Andrews v. Philadelphia, 895 F.2d 1469, 1478 (3d Cir. 1990).

In Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir.1989), the Court of Appeals for the Third Circuit concluded that a judgment could not properly be entered against the defendant based on supervisory liability absent an identification of a specific supervisory practice or procedure that the defendant failed to employ. "[U]nder the teachings of City of Canton[1] it is not enough for a plaintiff to argue that the constitutionally cognizable injury would not have occurred if the superior had done more than he or she did. The district court must insist that [the plaintiff] identify specifically what it is that [the defendant] failed to do that evidences his deliberate indifference." *Id.* With respect to supervisory liability for Eighth Amendment claims, plaintiffs must first identify a "specific supervisory practice or procedure" that the defendant supervisor failed to employ, and then prove the following: 1) the existing custom and practice without that specific practice or

---

1. City of Canton v. Harris, 489 U.S. 378 (1989).

5

procedure created an unreasonable risk; 2) the supervisor was aware that the unreasonable risk was created; 3) the supervisor was indifferent to that risk; and 4) the injury resulted from the policy or practice. Beers-Capitol v. Whetzel, 256 F.3d 120, 134 (3d Cir. 2001) (citing Sample, 885 F.2d at 1118). The absence of a policy or failure to establish a policy can give rise to liability. Natale v. Camden County Corr. Facility, 318 F.3d 575, 585 (3d Cir. 2003).

None of Plaintiff's allegations support liability against any of the Commonwealth Defendants in this regard. Specifically, Plaintiff's allegations, construed liberally, do not support a finding that any of the Commonwealth Defendants had any knowledge of, or personal involvement in, the claims alleged in the Complaint. He does not allege that any of these Defendants participated in any way whatsoever in the alleged actions or inactions. Nor does he allege indirect involvement that would imply that any of these Defendants acquiesced in the alleged unconstitutional misconduct. Specifically, none of Plaintiff's allegation establish that any of these Defendants were even aware of Plaintiff's concerns. Thus, as to these Defendants, it is clear that the Plaintiff is seeking to impose individual liability against the Commonwealth Defendants upon the theory of *respondeat superior*, which cannot support a section 1983 action.

"A civil rights complaint is adequate where it states the conduct, time, place, and persons responsible." Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005). As Defendants point out, Plaintiff's Complaint fails to allege sufficient facts that, if proven, would show that Defendants Beard Coleman or Tretinik had any personal involvement in the alleged violations of Plaintiff's constitutional rights. In this regard, Plaintiff claims that Jeffrey Beard endangered his health and welfare, Brain Coleman denied him proper medical treatment through his staff and CHCA Tretinik negligently failed to oversee his treatment  These assertions do not satisfy Plaintiff's requirement to plead with appropriate particularity. Evancho, 423 F.3d at 353 (concluding that plaintiff's amended complaint did not meet the Third Circuit's standard for a legally adequate civil rights

6

complaint).   Moreover, any attempt to allow Plaintiff to amend his complaint against these Defendants would be futile. With respect to Defendants Beard and Coleman, Plaintiff has failed to identify any specific acts or inactions by such Defendants that relate to his relevant allegations concerning the denial of medical treatment. Instead, he merely asserts that these individuals were aware of the numerous complaints alleged by Plaintiff and had the power to do something about them. However, liability cannot be assessed against these Defendants as neither of these individuals had any authority to make treatment decisions concerning Plaintiff's medical care. Defendant Coleman is the Superintendent at SCI-Fayette; his only "involvement" in plaintiff's medical treatment was his participation in addressing plaintiff's grievances as he was required to do under DOC policy. Defendant Beard is the Secretary of DOC. Although Plaintiff alleges some facts that indicate that these officials may have been aware of his medical concerns, they do not show that either of these officials were aware, or should have been aware, of any alleged risk to Plaintiff's health. In these circumstances, neither Coleman nor Beard may be held liable for any failure to provide Plaintiff with adequate medical care. *See* Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993) (warden and commissioner cannot be considered deliberately indifferent by failing to directly respond to a medical complaint by a prisoner who was receiving treatment by the prison doctors).

With respect to Defendant Tretinik, health care administrators do not prescribe medications or make decisions regarding the course of treatment prescribed to inmates. As such, courts generally have found that prison health care administrators did not act with "deliberate indifference" when the prisoner plaintiff is receiving treatment from the prison doctor. *See, e.g.* Miller v. Hoffman, Civ. A. No. 97-7987, 1999 WL 415397, *11 (E.D. Pa. June 22, 1999) (collecting cases). Here, Plaintiff claims that Defendant Tretinik is liable for negligently overseeing his treatment. The Supreme Court has made it patently clear that mere negligence cannot support liability under section 1983. *See, e.g.*, County of Sacramento v. Lewis, 523 U.S. 833, 118 S.Ct.

7

1708, 1720 (1998) (motorcyclist's death that resulted from high-speed police chase was not actionable under 42 U.S.C. § 1983); Collins v. City of Harker Heights, Texas, 503 U.S. 115 (1992) (failure to provide safe work environment did not state a section 1983 claim); DeShaney v. Winnebago County Dept. of Social Services, 489 U.S. 189 (1989) (the state had no constitutional duty to protect a child against beatings by his father even though the state was aware of the father's abuse and had at one time taken custody of the child); Davidson v. Cannon, 474 U.S. 344, 348 (1986) (clarifying that lack of due care by prison officials does not state a claim under either the substantive or the procedural aspects of the Due Process Clause). *Cf*. Lunsford v. Bennett, 17 F.3d 1574, 1580 (7th Cir. 1994) (mere negligence does not satisfy the deliberate indifference standard; a plaintiff must demonstrate something approaching a total unconcern for his welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm) (internal quotation omitted).

   Moreover, Plaintiff can not assert liability against the Commonwealth Defendants due to their involvement in reviewing and/or affirming grievance decisions. First, the filing of a grievance is not sufficient to show the actual knowledge necessary for personal involvement. Rode, 845 F.2d at 1208. Moreover, mere concurrence in a prison administrative appeal process does not implicate a constitutional concern. Garfield v. Davis, 566 F. Supp. 1069, 1074 (E.D. Pa. 1983) (holding that administrative review of prison disciplinary hearings is not constitutionally guaranteed and, therefore, plaintiff's claims with respect to the Program Review Committee's decision did not rise to constitutional significance); Harmon v. Divirgilis, 2005 WL 387591 (E.D. Pa. Feb. 16, 2005) (there is no constitutional right to administrative review of prison disciplinary proceedings). While prisoners have a constitutional right to seek redress of their grievances from the government, that right is the right of access to the courts, which is not compromised by the failure of the prison to address his grievances. Wilson v. Horn, 971 F.Supp. 943, 947 (E.D. Pa. 1997), *aff'd*, 142 F.3d 430 (3d Cir. 1988) (Table).

Second, the only claim he can allege against Defendant Beard would be a facial challenge to DOC's Co-Payment for Medical Services policy, DC-ADM 820. Such a claim has consistently been recognized as an Eighth Amendment claim. *See* Blaise v. McKinney, Civ. A. No. 98-3916, 1999 WL 486854, 1 (8th Cir. July 12, 1999) ("Eighth Amendment's prohibition against cruel and unusual punishment requires prisons to provide basic medical care to inmates, but does not require that medical care be provided at no cost").

A.        Eighth Amendment

In order to make out a prima facie case that a prison official's actions violate the Eighth Amendment's prohibition against cruel and unusual punishment, an inmate must show two elements. First, a prisoner must show that the condition, either alone or in combination with other conditions, deprived him of "the minimal civilized measure of life's necessities," or at least a "single, identifiable human need." Wilson v. Seiter, 501 U.S. 294 (1991) (citing Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). Second, an inmate must demonstrate deliberate indifference to prison conditions on the part of prison officials. Farmer v. Brennan, 511 U.S. 825; Wilson, 501 U.S. at 297; Rhodes, 452 U.S. at 347.

To state an Eighth Amendment violation in the context of medical treatment, an inmate must show prove two elements: 1) plaintiff was suffering from a "serious medical need," and 2) prison officials were deliberately indifferent to the serious medical need. Gamble v. Estelle, 439 U.S. 897 (1978). The first showing requires the court to <u>objectively</u> determine whether the medical need was "sufficiently serious." A medical need is "serious" if it is one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Gaudreault v. Municipality of Salem, 923 F.2d 203, 208 (1st Cir. 1990), *cert. denied*, 500 U.S. 956 (1991); Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987), *cert. denied*, 486 U.S. 1006 (1988).

9

The second prong requires a court <u>subjectively</u> to determine whether the officials acted with a sufficiently culpable state of mind. Deliberate indifference may be manifested by an intentional refusal to provide care, delayed medical treatment for non-medical reasons, a denial of prescribed medical treatment, or a denial of reasonable requests for treatment that results in suffering or risk of injury. <u>Durmer v. O'Carroll</u>, 991 F.2d 64, 68 (3d Cir. 1993).

Here, the relevant policy specifically requires inmates to pay a $5.00 co-pay for medical services with certain exceptions. *See* DC ADM 802, Section V. (doc. no. 24-3, pp. 3-5). Notwithstanding, the policy specifically provides that "No inmate shall be refused a medical service for financial reasons. If an inmate lacks sufficient funds to pay the medical service fee, his/her account will be debited and the fee recouped in accordance with DC-ADM 005, 'Collection of Inmate Debts.' " DC. ADM V.B.9. (doc. no. 24-3, p. 6).

Courts that have considered the issue, including the Court of Appeals for the Third Circuit, have determined that similar policies do not violate the Eighth Amendment. *See* <u>Reynolds v. Wagner</u>, 128 F.3d 166, 173-174 (3d Cir. 1997) (policy requiring inmates to pay for medical services did not violate Eighth Amendment); <u>Roberson v. Bradshaw</u>, 198 F.3d 645, 647 (8th Cir. 1999) (holding that "requiring [county] inmates to pay for their own medications if they can afford to do so ... is not a federal constitutional violation"); <u>Cannon v. Mason</u>, Civ. A. No. 08-7117, 2009 WL 2400272, 4 (10th Cir. Aug. 6, 2009); <u>Johnson v. Dep't of Public Safety & Correctional Servs</u>, 885 F.Supp. 817 (D. Md. 1995) (upholding co-pay requirements for prison medical services despite Eighth Amendment challenge); <u>Hudgins v. DeBruyn</u>, 922 F.Supp. 144 (S.D. Ind. 1996) (holding that the prison policy requiring inmates to pay for over-the-counter medications did not constitute cruel and unusual punishment). *Cf.* <u>Tillman v. Lebanon County Correctional Facility</u>, 221 F.3d 410, 418 (3d Cir. 2000) (upholding a policy imposing a booking fee and $10.00 a day fee for housing costs).

Thus, allowing Plaintiff to amend his Complaint to assert an Eighth Amendment facial challenge to the DOC co-pay policy against the Commonwealth Defendants would be futile.

2.        <u>Fourteenth Amendment</u>

Plaintiff also raises a Fourteenth Amendment claim in his Complaint. The pertinent text of the Fourteenth Amendment provides as follows.

> Section 1. All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State <u>deprive any person of life, liberty, or property, without due process of law</u>; nor deny to any person within its jurisdiction the equal protection of the laws.

U.S. Const. Amend. XIV, §1 (emphasis added).

It is clear that "[i]nmates have a property interest in funds held in prison accounts." <u>Reynolds,</u> 128 F.3d at 179. Accordingly, "inmates are entitled to due process with respect to any deprivation of money [from their accounts]." <u>Higgins v. Beyer</u>, 293 F.3d 683, 693 (3d Cir. 2002) (citations omitted). Notwithstanding, the courts recognize that the post-deprivation remedy provided through DOC's Grievance policy, DC-ADM 804 and Pennsylvania state law are adequate to provide inmates with procedural due process protection from the taking of co-pay funds from their accounts. *See, e.g.*, <u>Scott v. Angelone</u>, Civ. A. No. 91-1618 2, 1992 WL 354598, *4 (9th Cir. Nov. 27, 1992) (unpublished disposition) (finding advanced notice of program's implementation and right to file grievance with respect to particular charges constitute adequate pre- and post-deprivation procedures sufficient to protect inmate's due process rights under inmate co-pay program); <u>Reynolds v. Wagner,</u> 936 F.Supp. 1216, 1228 (E.D. Pa. 1996) (same); <u>Morales v. Beard,</u> Civ. A. No. 09-162, 2009 WL 2413425, 1 (W.D. Pa. July 31, 2009) (same); <u>Robinson v. Fauver</u>, 932 F.Supp. 639, 645 (D.N.J. 1996) (rejecting equal protection and due process challenges to New Jersey's inmate co-payment

11

system); Johnson v. Dep't of Public Safety, 885 F.Supp. 817, 821 (D. Md. 1995) (rejecting due process challenge).

Here, the DOC policy provides advance notice of the fee and the DOC grievance system provides an adequate post-deprivation remedy to protect Plaintiff's due process rights. Thus, Plaintiff can not maintain an action against Defendant Beard with respect to any violation of the Fourteenth Amendment pertaining a facial challenge to the co-pay policy. Consequently, Plaintiff need not be given an opportunity to amend his Complaint with respect to asserting liability against any of the Commonwealth Defendants.

2. Medical Defendants

The Medical Defendants have filed a Motion to Dismiss or for More Definite Statement filed by the Medical Defendants (doc. no. 32). Because this Court is required to allow Plaintiff the opportunity to file an amended complaint if such amendment would not be futile, *see* Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004), and the Medical Defendants may have been personally involved in his claims asserting denial of adequate medical care, it is recommended that the Medical Defendants' Motion be granted to the extent that it seeks a more definite statement of Plaintiff's claims. Plaintiff will be given the opportunity to file an amended complaint, a stand alone document, that must contain, with appropriate specificity, all of his claims against the Medical Defendants.

**III.     CONCLUSION**

For the reasons set forth above, it is respectfully recommended that the Motion to Dismiss filed by the Commonwealth Defendants (doc. no. 24) be granted. It is further recommended that the Motion to Dismiss or for More Definite Statement filed by the Medical Defendants (doc. no. 32) be granted to the extent that it seeks a more definite statement of Plaintiff's claims.

In accordance with the applicable provisions of the Magistrate Judges Act [28 U.S.C. § 636(b)(1)(B) & (C)] and Rule 72.D.2 of the Local Rules of Court, the parties shall have ten days from the date of the service of this report and recommendation to file written objections thereto. Any party opposing such objections shall have ten days from the date on which the objections are served to file its response. A party's failure to file timely objections may constitute a waiver of that party's appellate rights.

_____
Lisa Pupo Lenihan
U.S. Magistrate Judge

Dated:     November 24, 2009

Terry Kuehner
GM-4552
SCI Fayette
Post Office Box 9999
LaBelle, PA 15450-0999