IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERRY KUEHNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 08-1319 |
| vs. | ) District Judge David S. Cercone |
| | ) Magistrate Judge Lisa Pupo Lenihan |
| | ) Doc. No. 60 |
| JEFFREY BEARD, et al., | ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Motion to Dismiss filed by the Defendants (doc. no. 60) be denied. It is further recommended that the Plaintiff be granted 30 days to file an Amended Complaint.

### II. REPORT

Plaintiff, Terry Kuehner, an inmate presently incarcerated at the State Correctional Institution at Fayette, Pennsylvania, commenced this civil action against the following Defendants: Jeffrey Beard, Secretary of the Pennsylvania Department of Corrections (DOC); Brian Coleman, Superintendent at SCI-Fayette; Robert Tretinik, Correctional Health Care Administrator at SCI-Fayette (collectively referred to as the Commonwealth Defendants); Physician Assistant Christopher Myer; Dr. Michael Herbick and Dr. Peter Saavedra (collectively referred to as the Medical Defendants). Plaintiff claimed that Defendants are liable pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983. The Commonwealth Defendants have filed a motion to dismiss (doc. no. 24) which was granted on January 6, 2010. The Medical Defendants also filed a Motion to Dismiss Plaintiff's Complaint, or in the alternative, Motion for More Definite Statement (doc. no. 32). On January 6, 2010 the District Court denied the motion to dismiss but granted the motion for a more definite statement. To date Plaintiff has not filed an Amended Complaint as ordered.

On February 24, 2010, the remaining Defendants filed a Motion to Dismiss Plaintiff's Complaint for Failure to Prosecute.

### A. Standard of Review

A district court has the inherent power to dismiss a complaint under Rule 41(b) for a plaintiff's failure to comply with an order of court. Guyer v. Beard, 907 F.2d 1424, 1429 (3d Cir. 1990). "Under our jurisprudence, the sanction of dismissal is reserved for those cases where the plaintiff has caused delay or engaged in contumacious conduct. Even then, it is also necessary for the district court to consider whether the ends of justice would be better served by a lesser sanction." Id.

### B. Discussion

Since the District Court's Order in January Plaintiff has filed a number of documents and motions and has not neglected his case. It is the opinion of this Court that Plaintiff did not understand that he was required to file an Amended Complaint and that he should not be penalized for not doing so. It is the recommendation of this Court that Plaintiff be given 30 days to file an Amended Complaint in compliance with the Court's January 6, 2010 Order and with the guidance of the November 22, 2009 Report and Recommendation.

### III.     CONCLUSION

For the reasons set forth above, it is respectfully recommended that the Motion to Dismiss(doc. no. 60) be denied without prejudice should Plaintiff still not file an Amended Complaint. It is further recommended that the Plaintiff be given 30 days to file an Amended Complaint.

In accordance with the applicable provisions of the Magistrate Judges Act [28 U.S.C. § 636(b)(1)(B) & (C)] and Rule 72.D.2 of the Local Rules of Court, the parties shall have fourteen days from the date of the service of this report and recommendation to file written objections thereto. Any party opposing such objections shall have fourteen days from the date on which the objections are served to file its response. A party's failure to file timely objections may constitute a waiver of that party's appellate rights.

                                                    Lisa Pupo Lenihan
                                                    U.S. Magistrate Judge

Dated:        March 24, 2010

                Terry Kuehner
                GM-4552
                SCI Fayette
                Post Office Box 9999
                LaBelle, PA 15450-0999

                Counsel of record